IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HOBART CORPORATION, ) | CASE NO. _____ |
| KELSEY-HAYES COMPANY, and ) | |
| NCR CORPORATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| COCA-COLA ENTERPRISES, INC., *as* ) | |
| *successor to* Dayton Coca-Cola Bottling Co., ) | |
| DAP PRODUCTS, INC., ) | |
| GLAXOSMITHKLINE, L.L.C., *as successor to* ) | |
| DAP Products, Inc., ) | |
| THE SHERWIN-WILLIAMS COMPANY, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Now come Plaintiffs Hobart Corporation ("Hobart"), Kelsey-Hayes Company ("Kelsey-Hayes"), and NCR Corporation ("NCR") (collectively "Plaintiffs"), by and through their attorneys, and for their Complaint against Defendants Coca-Cola Enterprises, Inc., DAP Products, Inc. ("DAP"), GlaxoSmithKline, L.L.C., and The Sherwin-Williams Company hereby state as follows:

**NATURE OF THE ACTION AND JURISDICTION**

This is a civil action pursuant to Sections 107(a)(4)(B) and 113(f)(3)(B) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9607(a)(4)(B) and 9613(f)(3)(B) ("CERCLA"), for the recovery from Defendants of response costs which Plaintiffs have expended to date and will expend in the future in

response to releases and threatened releases of hazardous substances, and pursuant to Ohio common law, for costs which Plaintiffs have incurred and will incur in the future.

1. This action concerns the South Dayton Dump and Landfill Site located on approximately 80 acres at 1975 Dryden Road (also known as Springboro Pike) in Moraine, Ohio (the "Site").

2. The United States Environmental Protection Agency ("EPA") has identified contaminants at the Site consisting of certain hazardous substances including, but not limited to, 1,2-dichloroethene, tetrachloroethene, toluene, polychlorinated biphenyls ("PCBs"), vinyl chloride, arsenic, barium, cadmium, chromium, mercury, nickel, lead, zinc, and polynuclear aromatic hydrocarbons ("PAHs"), including phenanthrene, benzo[a]anthracene, benzo[a]pyrene, and flouranthene (the "Contamination" or "Contaminants"). EPA proposed the Site for listing on the National Priorities List in 2002 pursuant to Section 105 of CERCLA, 42 U.S.C. §9605, but withdrew its proposed listing. EPA again proposed the Site for listing in 2004, based on its calculation of a Hazard Ranking Score of greater than 28.5. The Site remains proposed for listing but EPA has not taken final action.

3. Plaintiffs entered into an "Administrative Settlement Agreement and Order on Consent" with EPA for performance of the remedial investigation and feasibility study ("RI/FS") for the Site in compliance with the National Contingency Plan.

4. Plaintiffs have incurred and will incur costs in performance of the RI/FS including, but not limited to, costs of investigation, testing, evaluating and removal of some or all of the Contamination. Plaintiffs by this action seek recovery of those costs from Defendants and an order declaring that Defendants are liable for future costs of responding to the Contamination.

5. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§9607 and 9613(b), providing jurisdiction over controversies arising under CERCLA; 28 U.S.C. §1331, providing jurisdiction over federal questions; and 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §9613(g)(2), providing jurisdiction over declaratory judgment actions.

6. Venue is proper in this District pursuant to 42 U.S.C. §9613(b) and 28 U.S.C. §1391(b) because the property where the releases and threatened releases of hazardous substances have occurred is located within the territorial limits of this District and the damages giving rise to these claims occurred in this District.

## **PARTIES**

7. Plaintiff Hobart is a Delaware corporation with its principal place of business in Glenview, Illinois.

8. Plaintiff Kelsey-Hayes is a Delaware corporation with its principal place of business in Livonia, Michigan.

9. Plaintiff NCR is a Maryland corporation with its principal place of business in Duluth, Georgia.

10. Upon information and belief, Defendant Coca-Cola Enterprises, Inc. is a Delaware corporation whose principal place of business is located at 2500 Windy Ridge Parkway, Atlanta, Georgia, 30339.

11. Upon information and belief, Defendant DAP is a Delaware corporation whose principal place of business is located at 2628 Pearl Road, Medina, Ohio, 44258.

12. Upon information and belief, Defendant GlaxoSmithKline, L.L.C. is a Delaware limited liability company whose principal place of business is located at 1105 North Market Street, Suite 622, Wilmington, Delaware 19801.

13. Defendant The Sherwin-Williams Company is an Ohio corporation whose principal place of business is located at 101 West Prospect Avenue, Cleveland, Ohio.

14. Each Defendant is being sued both individually and as a successor in interest to any other entity that may be liable to Plaintiffs under CERCLA. To the extent that any named Defendant is a successor to any such entity, the allegations asserted against the Defendants are to be construed to apply to all of Defendants' predecessors.

15. Plaintiffs and Defendants are "persons" as defined by Section 101(21) of CERCLA, 42 U.S.C. §9601(21).

## GENERAL ALLEGATIONS

16. Waste disposal started at the Site in or before 1941. Known hazardous substances were disposed at the Site. The organic and inorganic compounds disposed at the Site include, but are not limited to cleaning solvents, materials containing PCBs, chemical solvents, cutting oils, paint, paint residue, Stoddard solvents, machine-tool water-based coolants, dielectric fluids, oils and brake fluids. In addition, hazardous substances released on adjacent properties have been allowed to migrate from adjacent properties through the groundwater to contaminate the Site.

17. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. There has been a "release" and/or "threatened release" of hazardous substances at the Site within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a).

19. The organic and inorganic compounds detected at the Site at elevated levels are "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

20. The release and/or threatened release of hazardous substances at the Site has caused and will continue to cause Plaintiffs to incur response costs, including costs for removal and/or remedial actions as defined in Section 101(23)-(25) of CERCLA, 42 U.S.C. §9601(23)-(25). Such costs are necessary and consistent with the National Contingency Plan.

21. Defendant Coca-Cola Enterprises, Inc. or its predecessor is the legal successor in interest to Dayton Coca-Cola Bottling Co. ("Dayton Bottling"). Dayton Bottling arranged for the disposal of wastes at the Site, including waste containing hazardous substances from its facilities and operation located in and around Dayton. Dayton Bottling contributed to Contamination at the Site through its disposal of wastes that included hazardous substances at the Site.

22. Defendant DAP arranged for the disposal of wastes at the Site, including waste containing hazardous substances from its facilities and operation located in and around Dayton. DAP contributed to Contamination at the Site through its disposal of wastes that included hazardous substances at the Site.

23. Defendant GlaxoSmithKline, L.L.C. or its predecessor is the legal successor in interest to DAP. DAP arranged for the disposal of wastes at the Site, including waste containing hazardous substances from its facilities and operation located in and around Dayton. DAP contributed to Contamination at the Site through its disposal of wastes that included hazardous substances at the Site.

24. Defendant The Sherwin-Williams Company arranged for the disposal of wastes at the Site, including waste containing hazardous substances from its facilities and operation located in and around Dayton. The Sherwin-Williams Company contributed to Contamination at the Site through its disposal of wastes that included hazardous substances at the Site.

1531654.1

25. Contaminants have been detected in both the soil and groundwater at the Site at concentrations above background levels or maximum contaminant levels as established by EPA.

26. Contending that Plaintiffs were each a person who may be liable under Section 107(a) of CERCLA, 42 U.S.C. §9607(a), EPA requested that Plaintiffs enter into an administrative order on consent to conduct the RI/FS at the Site and to develop and evaluate potential remedial alternatives.

27. After negotiating with EPA, EPA agreed to suspend its proposed listing of the Site on the national priorities list and address the Site through its Superfund Alternative Sites program. Plaintiffs and EPA entered into an "Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study" which became effective August 15, 2006 ("ASAOC").

28. The objectives of the ASAOC are to: (a) determine the nature and extent of contamination and any threat to the public health, welfare, or the environment caused by the release or threatened release of hazardous substances, pollutants, or contaminants at and from the Site by conducting the Remedial Investigation; (b) determine and evaluate alternatives for remedial action to prevent, mitigate or otherwise respond to or remedy any release or threatened release of hazardous substances, pollutants, or contaminants at and from the Site by conducting the Feasibility Study; and (c) to provide for recovery of oversight costs incurred by EPA with respect to the ASAOC.

29. Plaintiffs have incurred response costs and will continue to incur response costs in connection with the Site. These costs have been and will continue to be (i) for actions taken in response to the release or threatened release of hazardous substances at the Site, within the meaning of 42 U.S.C. §9604; (ii) necessary costs of response incurred by Plaintiffs consistent

with the National Contingency Plan, within the meaning of 42 U.S.C. §9607; and (iii) in excess of Plaintiffs' equitable shares, within the meaning of 42 U.S.C. §9613(f).

### COUNT I: CERCLA COST RECOVERY UNDER SECTION 107(a)

30. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 29 as if fully set forth herein.

31. Defendants Coca-Cola Enterprises, Inc. as successor to Dayton Coca-Cola Bottling Co., DAP, GlaxoSmithKline, L.L.C. as successor to DAP, and The Sherwin-Williams Company are each a person who arranged for disposal or treatment at the Site, or arranged with a transporter for transport for disposal or treatment at the Site, of hazardous substances owned or possessed by it. Therefore, Coca-Cola Enterprises, Inc., DAP, GlaxoSmithKline, L.L.C., and The Sherwin-Williams Company are liable under CERCLA Section 107(a)(3), 42 U.S.C. §9607(a)(3).

32. A release or threatened release of hazardous substances has occurred at the Site, which has caused and will continue to cause the incurrence of response costs.

33. Under CERCLA Section 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B), Plaintiffs are entitled to cost recovery from each Defendant for response costs incurred and for future response costs to be incurred by Plaintiffs in connection with the Site.

### COUNT II: CERCLA CONTRIBUTION UNDER SECTION 113(f)(3)(B)

34. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 33 as if fully set forth herein.

35. Under CERCLA Section 113(f)(3)(B), 42 U.S.C. §9613(f)(3)(B), Plaintiffs are entitled to contribution from each Defendant for response costs incurred and for future response costs to be incurred by Plaintiffs in connection with the Site and to an allocation by the Court of the response costs and future response costs as between Plaintiffs and each

1531654.1

Defendant using such equitable factors as the Court determines are appropriate.

## COUNT III: UNJUST ENRICHMENT

36. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 35 as if fully set forth herein.

37. By arranging for the disposal or treatment of hazardous substances at the Site by another party or entity, and/or arranging with a transporter for transport for disposal or treatment of hazardous substances at the Site by another party or entity, Defendants have caused response costs to be incurred by Plaintiffs at the Site.

38. Plaintiffs have conferred, and will continue to confer, benefits on each Defendant by paying each Defendant's share of the response costs at the Site. To the extent that Plaintiffs have paid such costs which are the legal obligation of Defendants, Plaintiffs have discharged the liabilities of Defendants. Thus, Defendants have been and will continue to be unjustly enriched at the expense of Plaintiffs.

## COUNT IV: CERCLA DECLARATORY JUDGMENT

39. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 38 as if fully set forth herein.

40. An actual controversy exists, within the meaning of 28 U.S.C. §2201 and CERCLA Section 113(g)(2), 42 U.S.C. §9613(g)(2), between Plaintiffs and Defendants with respect to their respective rights and responsibilities for the response costs incurred and to be incurred with respect to the Contamination at the Site.

41. Plaintiffs are entitled to a declaratory judgment on liability for response costs that will be binding in any subsequent action or actions to recover further response costs and which declares that the Defendants are liable under CERCLA Section 107(a), 42 U.S.C. §

9607(a), and/or CERCLA Section 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B), for all or its proper share of response costs incurred and to be incurred by Plaintiffs with respect to the Contamination at the Site, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. §9613(g)(2), and 28 U.S.C. §§ 2201-2202.

**THEREFORE, Plaintiffs request that the Court:**

A. Enter a judgment under 42 U.S.C. §§ 9607(a)(4)(B), 9613(f)(3)(B) and 9613(g)(2) against each Defendant, finding that Plaintiffs are entitled to cost recovery and/or contribution from each Defendant for response costs incurred and for future response costs to be incurred by Plaintiffs in connection with the Contamination at the Site, and to an allocation by the Court of the response costs and future response costs as between Plaintiffs and each Defendant using such equitable factors as the Court determines are appropriate.

B. Enter an Order declaring that each Defendant has been unjustly enriched by virtue of Plaintiffs' payment of response costs for the investigation of the Contamination at the Site; and

C. Enter a declaratory judgment against each Defendant that Plaintiffs are entitled to cost recovery and/or contribution from each Defendant for response costs incurred and for future response costs to be incurred by Plaintiffs in connection with the Contamination at the Site and to an allocation by the Court of the response costs and future response costs as between Plaintiffs and each Defendant using such equitable factors as the Court determines are appropriate.

D. Award Plaintiffs prejudgment interest, costs and attorneys fees as allowed by law.

1531654.1

  E. Grant other such relief as the Court deems appropriate.

      /s/ James A. Dyer
      JAMES A. DYER, Esq. – Trial Attorney
      (Ohio Reg. No. 0006824)
      Email: jdyer@ssdlaw.com
      SEBALY SHILLITO + DYER LLP
      1900 Kettering Tower
      40 North Main Street
      Dayton, Ohio 45423-1013
      (937) 222-2500

      *Attorney for Plaintiffs*