**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| HOBART CORPORATION, *et al*., | ) | CASE NO. 3:12-cv-00213-WHR |
| | ) | |
| Plaintiffs, | ) | JUDGE WALTER H. RICE |
| | ) | |
| v. | ) | **[ORAL ARGUMENT REQUESTED]** |
| | ) | |
| COCA-COLA ENTERPRISES, INC., *et al.*, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | ) | **PLAINTIFFS' COMPLAINT** |

**I.**     **INTRODUCTION**

Plaintiffs, Hobart Corporation, Kelsey-Hayes Company and NCR Corporation (collectively, "Plaintiffs"), are the same plaintiffs in a civil action filed two years ago in this Court against a number of different defendants. *See Hobart Corp., et al. v. Waste Mgm't of Ohio, Inc., et al.*, S.D. Ohio Case No. 3:10-cv-00195 ("*Hobart I*"). The pending Complaint[1] in *Hobart I* is virtually identical to the Complaint herein. It concerns the same site, the South Dayton Dump & Landfill Site (the "Site"), seeks the same alleged CERCLA costs of response, and asserts the same four causes of action. This Court has already dismissed Plaintiffs' claim in *Hobart I* for CERCLA Section 113(f)(3)(B) contribution, their claim for unjust enrichment and the related portions of the declaratory judgment count. *See Hobart Corp. v. Waste Mgm't, of Ohio Inc.*, 840 F. Supp. 2d 1013 (S.D. Ohio 2011). A motion for summary judgment with respect to the remaining causes of action in *Hobart I* is pending.

Undeterred by the Court's dismissal of identical claims in *Hobart I*, Plaintiffs have filed this action asserting all of the same causes of action, based on the same administrative settlement, against four new defendants – Coca-Cola Enterprises Inc., DAP Products Inc.,

---

[1]     Plaintiffs have sought leave in *Hobart I* to file a Third Amended Complaint, which the defendants in that action have opposed.

GlaxoSmithKline LLC and The Sherwin-Williams Company (collectively, "Defendants").  As this Court correctly ruled last February, Plaintiffs' CERCLA Section 113(f) claim is time barred, and their state law unjust enrichment claim fails to state a claim upon which relief can be granted.  For the reasons set forth below, Plaintiffs' CERCLA Section 107(a) claim and their CERCLA declaratory judgment claim also fail to state a claim upon which relief can be granted.  For these reasons, the instant Complaint should be dismissed in its entirety.

## II. <u>STATEMENT OF FACTS</u>

This action seeks recovery from Defendants of costs Plaintiffs are alleged to have incurred and allege that they will incur in the future for CERCLA response costs spent remediating the Site.  *See* Complaint, Nature of the Action and Jurisdiction, Doc. No. 1.  Plaintiffs allege that the United States Environmental Protection Agency ("EPA") identified contaminants at the Site consisting of hazardous substances.  *See id*. at ¶ 2.  The Complaint further makes cursory allegations that each of the Defendants "contributed to Contamination at the Site through its disposal of wastes that included hazardous substances at the Site."  *Id*. at ¶¶ 21-24.

Plaintiffs have allegedly incurred such response costs in compliance with an agreement with the EPA that is embodied in an "Administrative Settlement Agreement and Order on Consent" that bears an effective date of August 15, 2006 ("ASAOC").  *Id.* at ¶¶ 3-4, 26-27.  A copy of the ASAOC is attached hereto marked Exhibit A.[2]  The ASAOC obligates Plaintiffs to

---

[2]     As this Court held in *Hobart I*, in deciding a motion to dismiss, a court "may also consider . . . 'public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.'"  *Hobart*, 840 F. Supp. 2d at 1017 n.5 (quoting *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

conduct a CERCLA Remedial Investigation and a Feasibility Study ("RI/FS")[3], in return for

which Plaintiffs were granted an immediate covenant not to sue by EPA with respect to that

work and "protection from contribution actions or claims … for 'matters' addressed' in this

Settlement Agreement."[4] ASAOC at XIX and ¶ 96(a). Accordingly, the ASAOC provides:

"The Parties agree that this Settlement Agreement *constitutes an administrative settlement for*

*purposes of Section 113(f)(3)(B) of CERCLA*, 42 U.S.C. § 9113(f)(3)(B), pursuant to which the

Respondents have, as of the Effective Date, *resolved their liability to the United States* for the

Work, and Future Response Costs."[5] ASAOC at ¶ 96(b) (emphasis added).

Under the plain language of the ASAOC and under the applicable law, the only claim that

Plaintiffs had at any time against Defendants was a claim for relief under CERCLA Section

113(f)(3)(B). Plaintiffs failed to bring any claims against Defendants within the three-year

limitations period applicable to that claim, so their only cognizable claim is time barred.

Accordingly, the Complaint fails to state a claim upon which relief may be granted and should be

dismissed.

## III. LEGAL STANDARD

A motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), questions the sufficiency of the

pleadings. When deciding a motion to dismiss, the inquiry is essentially limited to the content of

---

[3] An RI/FS investigates the nature and extent of environmental contamination at a site and then considers what remediation would best make the site protective of human health and the environment. *See* Complaint at ¶¶ 3-4, 28.

[4] The Covenant Not to Sue from EPA states that EPA will not sue or take administrative action against Plaintiffs "for the Work and Future Response Costs." ASAOC at XIX. "Future Response Costs" are costs incurred by EPA overseeing the Work. ASAOC at IV(i).

[5] "Work" refers to the activities necessary to produce a Remedial Investigation Report and a Feasibility Report. ASAOC at IV(x) and IX.

the complaint, which, in this case, includes the ASAOC referenced in, but not attached to, the Complaint.  *See Yanacos v. Lake Cty., Ohio*, 953 F. Supp. 187, 191 (N.D. Ohio 1996); *Hobart*, 840 F. Supp. 2d at 1017 n.5.  The Court accepts well-pled factual allegations as true, but the Court need not accept as true a "bare assertion of legal conclusions."  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *id*., and to "state a claim to relief that is plausible on its face."  *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662,129 S. Ct. 1937, 1949-50 (2009).

Here, even assuming the factual allegations in the Complaint to be true, Plaintiffs have failed to plead a single viable cause of action against any of the Defendants.  Plaintiffs have asserted two CERCLA claims when only one – for contribution under CERCLA section 113(f)(b)(3) – was ever available.  The statute of limitations ran on that claim years ago.  Without a viable substantive CERCLA claim, declaratory relief under CERCLA is also unavailable.  Additionally, Plaintiffs are not entitled to seek common law unjust enrichment because, as this Court pointed out in *Hobart I*, they have not enriched anyone.  All of Plaintiffs' claims fail as a matter of law, so this Motion should be granted and the Complaint should be dismissed.

IV.    **ARGUMENT**

A.    **Plaintiffs' CERCLA Section 113(f)(b)(3) Claim is Time Barred.**

Count II of Plaintiffs' Complaint is for contribution pursuant to CERCLA Section 113(f)(B)(3).  That section states:  "A person who has resolved its liability to the United States or the State *for some or all* of a response action or *for some or all of the costs* of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in paragraph (2)."  42 U.S.C. § 9613(f)(3)(B) (emphasis added).  The ASAOC is such an administrative settlement, as the Plaintiffs themselves stated in the ASAOC.  ASAOC at ¶ 96(b).

CERCLA provides a single statute of limitations that is applicable to ***any*** action for contribution under that statute.  42 U.S.C. § 9613(g)(3).  That section provides:

> No action for contribution for any response costs or damages may be commenced more than 3 years after –
>
> (A)    the date of judgment in any action under this chapter for recovery of such costs or damages, or
>
> (B)    the date of an administrative order under section 9622(g) of this title (relating to de minimis settlements) or 9622(h) of this title (relating to cost recovery settlements) or entry of a judicially approved settlement with respect to such costs or damages.

42 U.S.C. § 9613(g)(3).  As this Court noted, the United States Supreme Court has determined that this section provides the exclusive limitations period applicable to any CERCLA contribution claim.  *Hobart*, 840 F. Supp. 2d at 1034 (citing *Cooper Industries, Inc. v. Aviall Services Inc.*, 543 U.S. 157, 167 (2004)).

Quite simply, Plaintiffs had three years from August 15, 2006, the effective date of the ASAOC,[6] or until August 14, 2009, to bring their Section 113(f)(3)(B) claim against Defendants here.  They are years out of time, just as this Court ruled that the three year statute had run against the defendants in *Hobart I*.  Count II of Plaintiffs' Complaint should therefore be dismissed.

Plaintiffs may well argue here, as they did unsuccessfully in *Hobart I*, that there is *no* statute of limitations whatsoever in situations such as theirs.  The basis for that argument was that, contrary to their unequivocal statement in the ASAOC that the ASAOC *is precisely* "an administrative settlement for the purposes of Section 113(f)(3)(B)," it really is not.[7]  For all the reasons set forth in this Court's opinion in *Hobart I*, this Court should reject this argument in the event that Plaintiffs raise it again.  *See generally Hobart*, 840 F. Supp. 2d at 1031-35; *see also Responsible Envir. Solutions Alliance v. Waste Mgmt, Inc.*, 493 F. Supp. 2d 1017, 1024 (S.D. Ohio 2007) (Rice, J.) (administrative order by consent requiring plaintiffs to conduct a remedial investigation and feasibility study under CERCLA is an administrative settlement for purposes of Section 113(f)(3)(B) contribution claim).

---

[6]  The primary change in wording between the *Hobart I* Complaint and the Complaint here is that Plaintiffs included in the *Hobart I* Complaint an express allegation as to the effective date of the ASAOC and attached a copy of the ASAOC.  *See Hobart I*, Second Amended Complaint at ¶ 41.  Any thought by Plaintiffs that a motion to dismiss such as this could be defeated by leaving out those allegations here is misplaced.  *See Hobart*, 840 F. Supp. 2d at 1017 n.5 (a court "may also consider . . . 'public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein").

[7]  Plaintiffs expressly retained the right to dispute "in any subsequent proceedings" the validity of findings of fact, conclusions of law, and determinations set forth in Sections V and VI of the ASAOC.  ASAOC at ¶ 4.  Having done so, they cannot be heard here to dispute that the *agreement* memorialized with the United States that the ASAOC is an administrative settlement entitling them to assert a Section 113(f)(3)(B) claim.

**B.**     <u>Plaintiffs Have No Claim for Unjust Enrichment.</u>

Count III of Plaintiffs' Complaint seeks to assert a claim for unjust enrichment pursuant to state law.  However, as this Court held in dismissing Plaintiffs' unjust enrichment count in *Hobart I*, Plaintiffs are precluded from bringing this claim because they were under a legal duty to pay the very remediation costs which they seek from defendants here.  "[W]hen a PRP is under a legal duty to remediate a contaminated site, this remediation does not unjustly enrich other PRPs." *Hobart*, 840 F. Supp. at 1037 (quoting *Chem-Nuclear Sys., Inc. v. Arivec Chems., Inc.*, 978 F. Supp. 1105, 1110 (N.D. Ga. 1997) and citing others).  As this Court has already stated, a number of federal courts have expressly held that, where a plaintiff has a legal duty to remediate a contaminated site, that plaintiff cannot recover the costs of doing so based upon unjust enrichment.  *See, e.g*., *Hobart*, 840 F. Supp. 2d at 1036 (citing additional cases).

There was no unjust enrichment here because "Plaintiffs have remediated and will continue to remediate the present Site based on a legal duty that was created by the Settlement Agreement with the EPA."  *Hobart*, 840 F. Supp. 2d at 1037.  Because the costs Plaintiffs seek here are costs they allege to have spent remediating the Site, and because they had and have a legal duty to do so pursuant to the ASAOC, their unjust enrichment count fails to state a claim upon which relief may be granted.  Therefore, Count III should be dismissed.

**C.**     <u>Plaintiffs' Claim for Cost Recovery Pursuant to CERCLA Section 107(a)</u>
       <u>Must Be Dismissed.</u>

Count I of Plaintiffs' Complaint seeks "cost recovery" from Defendants with respect to the response costs Plaintiffs allege to have incurred pursuant to the ASAOC and for future response costs that they might incur, also in compliance with the ASAOC.  Complaint at ¶ 33.  That claim must be dismissed because Plaintiffs could have asserted a Section 113(f)(3)(B) contribution claim had they filed on time.  An overwhelming number of courts have held that a

plaintiff with a Section 113(f) claim may not also assert a claim for cost recovery under Section 107(a).

The United States Supreme Court has set forth the circumstances pursuant to which a private plaintiff may bring claims under either Section 107(a) or under Section 113(f). *United States v. Atlantic Research Corp.*, 551 U.S. 128 (2007). The Court held that the remedies available in §§ 107(a) and 113(f) complement each other by providing causes of action 'to persons in different procedural circumstances.'" 551 U.S. at 139 (quoting *Consolidated Edison Co. of N.Y. v. UGI Utilities, Inc*, 423 F.3d 90, 99 (2nd Cir. 2005)). The Court then parsed between the two causes of action:

> Section 113(f)(1) authorizes a contribution action to PRPs [persons potentially responsible under CERCLA] with common liability stemming from an action instituted under § 106 or § 107(a). And § 107(a) permits cost recovery (as distinct from contribution) by a private party that has itself incurred cleanup costs. Hence, a PRP that pays money to satisfy a settlement agreement or a court judgment may pursue § 113(f) contribution. But by reimbursing response costs paid by other parties, the PRP has not incurred its own costs of response and therefore cannot recover under § 107(a). As a result, though eligible to seek contribution under § 113(f)(1), the PRP cannot simultaneously seek to recover the same expenses under § 107(a). Thus, at least in the case of reimbursement, *the PRP cannot choose the [Section 107(a)] six year statute of limitations for cost recovery actions over the shorter limitations period for § 113(f) contribution claims*.

551 U.S. at 139 (emphasis added).

Having held that a plaintiff may not evade the § 113(f) statute of limitations by simply bringing a § 107(a) claim, the Supreme Court recognized that persons may actually "incur" the costs for remediating a site pursuant to a consent decree after being sued themselves by EPA under § 107(a), such that they are neither doing the work themselves "voluntarily" nor are they reimbursing another party for response costs incurred by that party. 551 U.S. at 139 n.6. Referring to such costs as "compelled costs," the Court did not decide whether such costs are recoverable under Section 113(f), § 107(a) or both. *Id.*

Each United States Circuit Court of Appeals to address the "footnote 6 question" since *Atlantic Research* has held that a PRP with a § 113(f) claim cannot simultaneously seek recovery under § 107. *See, e.g., Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1237 (11th Cir. 2012); *Morrison Enterprises, LLC v. Dravo Corp.*, 638 F.3d 594, 603-04 (8th Cir. 2011); *Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 602 F.3d 204, 225-26, 229 (3d Cir. 2010); *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 128 (2d Cir. 2010). As the Second Circuit held in *Niagara Mohawk*, "[t]o allow NiMo to proceed under § 107(a) would in effect nullify the SARA amendment [which added § 113(f) to CERCLA] and abrogate the requirements Congress placed on contribution claims under 113." *Niagara Mohawk*, 596 F.3d at 128.[8] Those courts considered, *inter alia*, the fact that both consent decrees and administrative settlements routinely grant the settling parties contribution protection pursuant to CERCLA § 113(f)(2), as did the ASAOC here. ASAOC at XIX and ¶ 96(a). They determined that it could not be appropriate to permit such persons to seek joint and several liability pursuant to § 107(a) against others where such defendants could not assert a CERCLA counterclaim for contribution.

This precise issue has been addressed in the Sixth Circuit. In *ITT Indus., Inc. v. Borg Warner, Inc.*, 506 F.3d 452 (6th Cir. 2007), the plaintiff had entered into a consent decree with the state and an administrative consent order with EPA. *Id*. at 455. Both the consent decree and the administrative order required the plaintiff to perform certain response actions. *Id*. The plaintiff sued several entities pursuant to both § 107(a) and § 113(f)(3)(B), just as Plaintiffs did here. The District Court dismissed both claims. *Id.* at 456. On appeal, the Sixth Circuit affirmed the District Court's dismissal of the plaintiff's § 113(f)(3)(B) contribution claim, but

---

[8]     In addition, a district court has rejected Plaintiff NCR Corporation's (one of the Plaintiffs here) attempt to bring a section 107 claim with a section 113 claim. *See Appleton Papers Inc. v. George A. Whiting Paper Co.*, 572 F. Supp. 2d 1034, 1044 (E.D. Wis. 2008).

reversed and remanded the dismissal of the § 107(a) claim for further proceedings in light of the just-issued opinion in *Atlantic Research*. *Id*. at 458.

On remand, the District Court again dismissed the plaintiff's § 107(a) claim, finding: "The only construction [of § 107(a)] that does justice to the statutory structure and legislative history as discussed in *Centerior Service* and that is also consistent with *Atlantic Research*, is one that provides where a party has been the subject of a CERCLA enforcement action and can assert a claim under § 113(f), that party cannot also assert a claim under § 107(a)." *ITT Indus., Inc. v. Borg Warner*, 615 F. Supp. 2d 640, 648 (W.D. Mich. 2009).

It bears noting that footnote 6 of *Atlantic Research* identified a possible overlap between sections 107 and 113 only after a party had been sued and had entered into a consent decree. *See Atlantic Research*, 551 U.S. at 139 n.6. The Court did not opine that such an overlap could exist with respect to response costs incurred as a result of a party voluntarily entering into an administrative settlement with EPA, as did Plaintiffs here. If every party to an administrative settlement could bring a cost recovery action under section 107, then there was no need for Congress to have provided in section 113 that contribution may be had by a party who entered into an "administrative or judicially approved settlement." CERCLA § 113(f)(b)(3) would be rendered superfluous by such a reading. Thus, § 107(a)(4)(B) cannot be read as a general voluntary response provision and § 113(f)(3)(B) as a specific voluntary response provision that is completely overlapped by § 107. "However inclusive may be the general language of a statute, it will not be held to apply to a matter specifically dealt with in another part of the same enactment. . . . Specific terms prevail over the general in the same or another statute which otherwise might be controlling." *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 228-29 (1957) (citations omitted) (holding that special venue statute governing patent actions could not be

supplemented by general venue statute).  The only way to harmonize sections 107(a) and 113(f) fully, in order to give effect to all relevant provisions so as to interpret them consistently with the Supreme Court's holdings, and to give the specific effect over the general, is to interpret them as follows:

- Section 113(f)(1) is the exclusive mechanism by which a party may seek recovery of costs incurred after it has been sued.

- Section 113(f)(3)(B) is the exclusive mechanism by which a party may seek recovery of costs incurred as a result of an administrative or judicially approved settlement.

- Subject to the limited exception contemplated by *Atlantic Research* footnote 6, involving a suit followed by a consent decree, Section 107(a)(4)(B) is available only to those parties who voluntarily incur response costs in the absence of an administrative or judicially approved settlement.

Plaintiffs could have sued Defendants pursuant to § 113(f)(3)(B) for contribution at any time prior to August 14, 2009.  Based upon this overwhelming case law, had it done so, and had it then also sought to assert a claim under § 107(a), that claim for cost recovery would be dismissed.  It is irrelevant that, today, Plaintiffs failed to preserve their § 113(f)(3)(B) claim, having let the statute of limitations run.  Plaintiffs simply cannot now be entitled to a § 107(a) claim solely because they mistakenly missed the statute of limitations on their § 113(f)(3)(B) claim.  Plaintiffs failed to exercise the rights that they did have in a timely fashion, and the Court should not now create other rights to replace the ones that the Plaintiffs let expire.

**D.** **Plaintiffs' Claim for a CERCLA Declaratory Judgment Must Be Dismissed.**

Count IV of Plaintiffs' Complaint seeks a declaratory judgment that Defendants are liable to Plaintiffs for future response costs they might incur, referencing CERCLA § 113(g)(2) and 28 U.S.C. §§ 2201-2202. Neither statute supports such relief.

Section 113(g)(2) provides, in relevant part: "In any such action described in this subsection [concerning § 107 actions], the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." 42 U.S.C. § 9613(g)(2). As Plaintiffs' § 107(a) cause of action must be dismissed, they are not entitled to a declaratory judgment pursuant to this statute. *See, e.g., Union Station Assoc. LLC v. Puget Sound Energy, Inc.*, 238 F. Supp. 2d 1226, 1230 (W.D. Wash. 2002) (after § 107 and § 113 claims were dismissed, "no substantive federal claims exist upon which to base Union's declaratory judgment claims"); *Reichhold Chems., Inc. v. Textron, Inc.*, 888 F. Supp. 1116, 1124 (N.D. Fla. 1995) (where § 107 claim was dismissed, declaratory judgment claim would also be dismissed).

28 U.S.C. §§ 2201-2202 do nothing more than provide for declaratory relief under certain circumstances. However, there must be an "actual controversy" to support declaratory relief. As Plaintiffs have no other cause of action, there is no "actual controversy," so Plaintiffs are not entitled to a declaratory judgment pursuant to this statute either.

None of Plaintiffs' causes of action states a claim upon which relief may be granted, so the Complaint should be dismissed, with prejudice.

**V.** **CONCLUSION**

Plaintiffs filed this action almost three years too late. The only claim that they may have had the legal right to assert against Defendants was one for CERCLA § 113(f) contribution, but the deadline to file such a claim passed in 2009. Plaintiffs' agreement to enter an administrative

settlement precludes their other substantive causes of action, and the lack of a substantive claim

precludes any request for declaratory relief.  For these and the foregoing reasons, therefore,

Defendants request that Plaintiffs' Complaint be dismissed, with prejudice, at Plaintiffs' costs.


Dated: August 15, 2012                    Respectfully submitted,

                                          /s/ William E. Coughlin
                                          WILLIAM E. COUGHLIN (0010874)
                                          Trial Attorney
                                          SUSAN R. STROM (0043734)
                                          RONALD M. McMILLAN (0072437)
                                          CALFEE, HALTER & GRISWOLD LLP
                                          The Calfee Building
                                          1405 East Sixth Street
                                          Cleveland, Ohio 44114-1607
                                          (216) 622-8200
                                          (216) 241-0816 – Facsimile
                                          wcoughlin@calfee.com
                                          sstrom@calfee.com
                                          rmcmillan@calfee.com

                                          Attorneys for Defendant DAP Products Inc.

                                          /s/ Robert H. Eddy (by consent)
                                          ROBERT H. EDDY (0030739)
                                          Trial Attorney
                                          ERIK J. WINELAND (0072088)
                                          Gallagher Sharp
                                          420 Madison Avenue
                                          Suite 1250
                                          Toledo, Ohio 43604
                                          (419) 241-4866
                                          (419) 241-4866 – Facsimile
                                          reddy@gallaghersharp.com
                                          ewineland@gallaghersharp.com

                                          Attorneys for Defendant The Sherwin-Williams
                                          Company

/s/ Stephen Haughey (by consent)
STEPHEN HAUGHEY (0010459)
Trial Attorney
Frost Brown Todd LLC
3300 Great America Tower
301 East Fourth Street
Cincinnati, Ohio 45202
(513) 651-6127
(513) 651-6981 – Facsimile
SHaughey@ftblaw.com

LEAH J. KNOWLTON
Georgia Bar No. 426755
Miller & Martin PLLC
Suite 800
1170 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 962-6455
(404) 962-6300 – Facsimile
lknowlton@millermartin.com
(*Pro Hac Vice* application pending)

Attorneys for Defendant Coca-Cola Enterprises Inc.

/s/ Robert Sherwood (by consent)
THEODORE SCHNEIDER (0059636)
ROBERT SHERWOOD (0084363)
GOLDENBERG SCHNEIDER, L.P.A.
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202
(513) 345-8291
(513) 345-8294 – Facsimile
tschneider@gs-legal.com
rsherwood@gs-legal.com

GLENN A. HARRIS
Ballard Spahr LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002-1163
(856) 761-3440
(856) 761-1020 – Facsimile
harrisg@ballardspahr.com
(*Pro Hac Vice* application in process)

Attorneys for Defendant GlaxoSmithKline LLC